IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLIN A. CHAPMAN, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-1663 | |
| § | | |
| HOSPITALITY USA INVESTMENT § | | |
| GROUP, INC. and SHERLOCKS § | | |
| USA, INC., § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 4] filed by Defendant Sherlocks USA, Inc. ("Sherlocks"), to which Plaintiff Colin A. Chapman filed a Response [Doc. # 9]. Sherlocks neither filed a reply nor requested additional time to do so. Having reviewed the record and the relevant legal authorities, the Court **denies** Sherlocks's Motion.

Plaintiff filed this lawsuit against Sherlocks and Hospitality USA Investment Group, Inc. ("Hospitality") alleging sexual harassment and retaliation in violation of Title VII. Sherlocks has filed its Motion to Dismiss, arguing that Plaintiff did not name Sherlocks in the Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and, therefore, cannot maintain this lawsuit against Sherlocks.

In the EEOC Charge, Plaintiff named "Sherlock's Baker Street Pub & Grill" as his employer.  *See* Charge of Discrimination, Exh. A-1 to Motion, p.2.  The EEOC sent a Notice of Charge of Discrimination to "Hospitality USA."  *See* Notice of Charge of Discrimination, Exh. A-1 to Motion, p.1.

Generally, a court may not entertain a Title VII action against a party not named in the EEOC charge.  *Crawford v. Western Elec. Co., Inc.,* 614 F.2d 1300, 1306 (5th Cir. 1980).  Suits are allowed, however, against parties who were not *correctly* named in the EEOC charge where the incorrectly named party had notice of the EEOC charge and had an opportunity to participate in conciliation efforts.  *See, e.g., Marks v. Prattco, Inc.*, 607 F.2d 1153, 1157 (5th Cir. 1979); *Matthews v. Houston Indep. Sch. Dist.*, 595 F. Supp. 445, 447 (S.D. Tex. 1984).  Plaintiff identified "Sherlock's Baker Street Pub & Grill" as the name of his employer.  It is Plaintiff's understanding that Sherlocks has an interest in "Sherlock's Baker Street Pub & Grill."  It is also Plaintiff's understanding that the same individuals who are officers of Sherlocks are officers of Hospitality.  *See* Results of Business Organizations Inquiry, Exh. A to Response.  It is undisputed that Hospitality received notice of Plaintiff's EEOC charge.

Sherlocks has not shown that its name is materially different from the name of the employer identified in the EEOC charge, and has not shown that it did not have

notice of Plaintiff's EEOC charge and an opportunity to participate in any conciliation efforts. As a result, it is hereby

**ORDERED** that Sherlocks's Motion to Dismiss [Doc. # 4] is **DENIED**.

SIGNED at Houston, Texas. this **29th** day of **July. 2009**.

_____
Nancy F. Atlas
United States District Judge