IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLIN A. CHAPMAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1663 |
| | § | |
| HOSPITALITY USA INVESTMENT | § | |
| GROUP, INC., *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This sexual harassment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 18] filed by all Defendants – Hospitality USA Investment Group, Inc. ("Hospitality USA"), Sherlocks USA, Inc. ("Sherlocks USA"), and Sherlocks Caruth Plaza, LLC ("Caruth").[1] Plaintiff Colin A. Chapman filed a Response [Doc. # 21], and Defendants filed a Reply [Doc. # 22]. Having reviewed the record and applied the relevant legal authorities, the Court **grants** Defendants' Motion.

---

[1] Caruth was not named as a movant on the Motion, but later adopted and joined in the Motion. *See* Adoption and Joinder in Co-Defendants' Motion for Summary Judgment [Doc. # 20]. In Plaintiff's Response and Defendants' Reply, Caruth is acknowledged as a moving defendant.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

From February 6, 2007, until he was discharged on November 19, 2007, Plaintiff was employed as the General Manager of "Sherlocks Baker St. Pub," a bar in Dallas, Texas, owned by Caruth and operated by Hospitality USA.[2] Plaintiff alleges that beginning in August 2007, he was sexually harassed by Hospitality USA's Controller, Tammy Zepeda. Plaintiff alleges he was fired less than three weeks after he rejected Zepeda's sexual overtures.[3] The decision to terminate Plaintiff's employment was made by Hospitality USA's Area Director Bob Allison and approved by Vice President of Operations Steve Riley.

Plaintiff filed this lawsuit alleging sexual harassment and retaliation in violation of Title VII. Defendants filed a Motion for Summary Judgment, which has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

---

[2] According to Defendants, Sherlocks USA has only an "indirect common ownership with Hospitality USA and Sherlocks Caruth." *See* Affidavit of Steve Riley, Exh. B to Motion, ¶ 5.

[3] Plaintiff alleges that he rejected Zepeda's sexual advances, but admits that he engaged in sexual relations with Zepeda on at least two occasions. *See* Affidavit of Colin Chapman, Exh. A to Response, ¶¶ 19, 22.

fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the

nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

## III.  ANALYSIS

### A.  Sexual Harassment Claim

To prove a claim of sexual harassment, Plaintiff must establish that, as a member of a protected class, he was subjected to unwelcome sexual harassment that affected a term, condition, or privilege of his employment. *See Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Where the alleged harasser was a co-worker rather

than a supervisor, Plaintiff must also prove that Defendants knew or should have known about the harassment and failed to take prompt remedial action. *Id.*

In this case, whether Plaintiff must present evidence of Defendants' knowledge depends on whether Zepeda was Plaintiff's co-worker or supervisor. Supervisory status is determined primarily by "the extent of authority possessed by" the alleged harasser, which requires consideration of the alleged harasser's "job functions and powers as opposed to his title." *Anderson v. Ultraviolet Systems, Inc.*, 2005 WL 1840155, *7 (S.D. Tex. 2005) (citing *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1033 (7th Cir. 1998)). Here, it is uncontroverted that Zepeda, as the Controller for Hospitality USA, was not in Plaintiff's chain of command, and had no supervisory responsibility for Plaintiff's day-to-day work. There is no evidence that Zepeda had any power to hire, fire, demote, or discipline Plaintiff.

Plaintiff relies on evidence that Zepeda, as the Controller, had the authority to audit the facility where Plaintiff was General Manager and report any financial improprieties to Hospitality USA senior management. By way of example, Plaintiff presents evidence that Zepeda performed an audit of the facility managed by Oscar A. Trevino, a different General Manager who was later fired. *See* Declaration of Oscar A. Trevino, Exh. C to Response. Plaintiff presents no evidence, however, that Zepeda recommended that Trevino be fired or that Zepeda participated in any manner in the

decision to terminate Trevino's employment. Indeed, Trevino states that Zepeda did not notify him of his termination.[4]

Moreover, the ability to discover and report financial wrongdoing does not elevate an employee to supervisory status over anyone whose improprieties he discovers. Any employee at the pub could discover financial improprieties and report them to Plaintiff's supervisors. Indeed, bar and wait staff at Plaintiff's facility had at one point reported to Area Director Bob Allison that Plaintiff was deviating from the established procedure for closing out the cash at the end of each shift.[5] Having this ability to report financial concerns to management clearly does not cause the bar and wait staff to become Plaintiff's supervisors for purposes of a sexual harassment claim. Because Plaintiff has not presented evidence to raise a genuine issue of material fact in support of his argument that Zepeda was his supervisor, Plaintiff must present evidence that a Defendant knew or should have known of the alleged sexual harassment. Plaintiff has failed to do so.

---

[4] Trevino states that he "was terminated as a direct result of [Zepeda's] audit" but provides no factual basis for his belief. *See* Trevino Declaration, ¶ 3.

[5] The procedure required each employee who handled cash to tally the receipts for the shift and advise the General Manager of the amount of those receipts. The General Manager was then required to show the employee the total receipts recorded in the computer for the shift. Bar and wait staff at Plaintiff's pub reported that he would not show them the computer record, but would simply tell them orally what their totals should be. As a result, the bar and wait staff questioned the veracity of Plaintiff's oral representations.

Defendants have presented evidence that neither Allison nor Riley knew or should have known that Zepeda was making unwelcome sexual advances to Plaintiff, and Plaintiff does not assert that he advised either Allison or Riley of Zepeda's conduct. Having failed to present evidence to raise a fact issue regarding Defendants' knowledge of the alleged harassment, Plaintiff cannot prevail on his sexual harassment claim. Defendants are entitled to summary judgment on this claim.

### B. Retaliation Claim

To establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in activity protected by Title VII, (2) he suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. *See Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Defendants argue that Plaintiff has not presented evidence to raise a genuine issue of material fact regarding the "causal connection" element of his retaliation claim.

"In order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity." *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 883 (5th Cir. 2003) (quoted in *Dumas v. Union Pacific R.R. Co.*, 294 F. App'x 822, 826 (5th Cir. Sept. 8, 2008)); *see also*

*Earle v. Aramark Corp.*, 247 F. App'x 519, 524 (5th Cir. Sept. 12, 2007); *Davis v. Moore Wallace, Inc.*, 217 F. App'x 313, 317 (5th Cir. Feb. 7, 2007).

In this case, Defendants have presented evidence that the decision to terminate Plaintiff's employment was made only by Area Director Allison and Vice President of Operations Riley, and that Zepeda had no input or other involvement in their decision. Plaintiff has presented no evidence to the contrary. Defendants have also presented evidence that neither Allison or Riley knew or should have known that Zepeda was making unwelcome sexual advances to Plaintiff or that Plaintiff objected to those advances, and Plaintiff has presented no evidence to the contrary. Indeed, Plaintiff does not allege that he advised either Allison or Riley of Zepeda's conduct. As a result, Plaintiff has failed to present evidence to raise a genuine issue of material fact regarding the "causal connection" element of his retaliation claim. Defendants are entitled to summary judgment on this claim.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court concludes that Plaintiff has failed to present evidence to raise a genuine issue of material fact in support of his claims against Defendants. As a result, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 18] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **9th** day of **December, 2009**.

_____
Nancy F. Atlas
United States District Judge